No. 201.—G. S. MAYO et als. v. L. G. DUKE, Curator.

The duty imposed on curators of vacant estates by article 1134 R. C. C., of making publication in two newspapers in the city of New Orleans of the death, the name, surname, place of birth and death of the deceased, whose succession he administers, does not apply to or affect the right of the heirs to be recognized as such. If, therefore, this duty is omitted or neglected by the curator, the heirs may still be recognized by complying with the requirements of the law in such cases.

APPEAL from the Parish Court of Catahoula. *H. B. Taliaferro,* Parish Judge. *Richardson & Boatner,* for plaintiffs and appellants. *J. F. Hughes,* for curator.

HOWELL, J. The plaintiffs ask to be recognized as the heirs of William Burns, deceased, and that the defendant as curator be ordered to render an account of his curatorship and pay to them such sums as may be due to them as heirs. The answer is a general denial and a special denial that plaintiffs are in any way entitled to the property of William Burns, deceased.

The judge a quo refused to recognize them as heirs on the ground that the curator had not complied with the requirements of article 1134 R. C. C., which directs curators within a certain time to make publication in two newspapers in New Orleans of the death, the name, surname, place of birth and death, etc., of the deceased whose succession he administers, if the heirs do not appear in person or by attorney.

We think the learned judge made a misapplication of this provision of law. It certainly imposes a duty on the curator, but the observance or non-observance of it is not intended to affect the right of heirs to apply to be recognized as such. This they have a right to do at any time upon certain conditions and formalities required of themselves and not of the curator. R. C. C. 1192–1194; C. P. 997–1005.

In this case the evidence is satisfactory that the plaintiffs are the only heirs of the deceased, William Burns, whose succession is administered by the defendant, and under article 1193 R. C. C., and article 1003 C. P., they must, under the allegations of their petition, be recognized as such, and the curator ordered to render an account to them and pay.

It is therefore ordered that the judgment appealed from be reversed, and that the plaintiffs be recognized as the heirs of William Burns, deceased, and the defendant ordered to render to them, within thirty days from the date of filing this decree in the lower court, a faithful and exact account of his administration and pay over to them the amount due them according to law.

Mr. Justice Taliaferro took no part in this decision.